UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL NO. _____ |
| TPG PRESSURE, INC.,<br>*Defendant.* | §<br>§<br>§<br>§<br>§ | COMPLAINT OF THE UNITED STATES |

The United States brings this action against TPG Pressure, Inc., ("TPG Pressure") and alleges the following:

**JURISDICTION AND VENUE**

1. This action is brought to recover a civil penalty under 19 U.S.C. § 1595a(b).

2. Pursuant to 28 U.S.C. § 1345, this Court has subject matter jurisdiction.

3. Pursuant to 28 U.S.C. § 1395, because the acts alleged herein occurred within the Southern District of Texas, venue is proper.

**PARTIES**

4. Plaintiff is the United States, acting for and on behalf of its agency, the United States Department of Homeland Security, Customs and Border Protection (CBP), which is vested with the duty to enforce and execute provisions of Title 19 of the United States Code. In certain code provisions, the CBP is still referred to by its former name, the United States Customs Service.

5. Defendant, TPG Pressure, is an entity incorporated in the State of Texas and registered with the Texas Secretary of State as having its principal place of business at 1003 MacArthur Blvd, Grand Prairie, TX 75050-7943. TPG Pressure's registered agent is URS Agents, LLC. Defendant, TPG Pressure, was doing business in this District and the acts complained of—to wit: the

importation of wood packaging materials (WPM) accompanying glass reinforced polyester pipes that violated U.S. Agriculture regulations—occurred in this District.

## STATUTORY AND REGULATORY AUTHORITY

6. Section 1595a(a) of Title 19, United States Code states:

> Except as specified in subsection (b) or (c) of section 1594 of this title, every vessel, vehicle, animal, aircraft, or other thing used in, to aid in, or to facilitate, by obtaining information or in any other way, the importation, bringing in, unlading, landing, removal, concealing, harboring, or subsequent transportation of any article which is being or has been introduced, or attempted to be introduced, into the United States contrary to law, whether upon such vessel, vehicle, animal, aircraft, or other thing or otherwise, may be seized and forfeited together with its tackle, apparel, furniture, harness, or equipment.

7. Section 1595a(b) of Title 19, United States Code provides in part:

> Every person who directs, assists financially or otherwise, or is in any way concerned in any unlawful activity mentioned in the preceding subsection shall be liable to a penalty equal to the value of the article or articles introduced or attempted to be introduced.

8. Agriculture Regulation at 7 C.F.R. § 319.40-3 provides in part:

> (b) **Regulated wood packaging material**. Regulated wood packaging material, whether in actual use as packing for regulated or nonregulated articles or imported as cargo, may be imported into the United States under a general permit in accordance with the following conditions:
> 
> > (1) The wood packaging material must have been treated in accordance with part 305 of this chapter.
> > (2) **Marking**. The wood packaging material must be marked in a visible location on each article, preferably on at least two opposite sides of the article, with a legible and permanent mark that indicates that the article meets the requirements of this paragraph. The mark must be approved by the International Plant Protection Convention in its International Standards for Phytosanitary Measures to certify that wood packaging material has been subjected to an approved measure, and must include a unique graphic symbol, the ISO two-letter country code for the country that produced the wood packaging material, a unique number assigned by the national plant protection agency of that country to the producer of the wood packaging material, and an abbreviation disclosing the type of treatment (e.g., HT for heat treatment or MB for methyl bromide fumigation). The currently approved format for the mark is as follows, where XX would be replaced

by the country code, 000 by the producer number, and YY by the treatment type (HT or MB):



(3) **Immediate reexport of regulated wood packaging material without required mark**. An inspector at the port of first arrival may order the immediate reexport of regulated wood packaging material that is imported without the mark required by paragraph (b)(2) of this section, in addition to or in lieu of any port of first arrival procedures required by § 319.40-9 of this part.

(4) **Exception for Department of Defense**. Regulated wood packaging material used by the Department of Defense (DOD) of the U.S. Government to package nonregulated articles, including commercial shipments pursuant to a DOD contract, may be imported into the United States without the mark required by paragraph (b)(2) of this section.

## FACTS

9. On March 24, 2023, TPG Pressure attempted to import approximately three bundles of glass reinforced polyester pipes, valued at $25,555.00, through the Brownsville, Texas Port of Entry.

10. At the time of importation, the wood packaging materials (WPM) accompanying the glass reinforced polyester pipes lacked the International Standards of Phytosanitary Measures (ISPM) 15 marking as is required by 7 C.F.R. § 319.40-3(b)(2).

11. U.S. Customs and Border Protection (CBP) subsequently issued an Emergency Action Notification, PPQ form 523, advising TPG Pressure that the shipment would be seized.

12. The Emergency Action Notification ordered TPG Pressure to immediately reexport the WPM and glass reinforced polyester pipes. On March 25, 2023, the WPM and polyester pipes were reexported to Mexico.

13. On March 25, 2023, CBP's Fines, Penalties, and Forfeiture office (FP&F) issued a penalty notice pursuant to 19 U.S.C. § 1595a(b) against TPG Pressure for $25,555.00, the value of the polyester pipes.

14. To date, after receiving numerous notices of the penalty as well as demands to pay, TPG Pressure has failed to pay the penalty in the amount $25,555.00.

## COUNT 1

15. The United States incorporates by reference paragraphs 1-14 of this complaint as though fully set forth herein.

16. Pursuant to 19 U.S.C. §1595a(b), TPG Pressure is liable for civil penalties of $25,555.00.

## PRAYER

WHEREFORE, the United States prays that a judgment be rendered for the United States and against TPG Pressure in the amount of $25,555.00 plus interest and costs of suit; and for such other relief as this Court deems appropriate.

Respectfully submitted,

NICHOLAS J. GANJEI
United States Attorney
Southern District of Texas

*/s/ Colin W. Hotard*
By:
Colin W. Hotard
Assistant United States Attorney
Southern District of Texas
1000 Louisiana Street, Ste. 2300
Houston, Texas 77002
E-Mail: colin.hotard@usdoj.gov
Office: 713-567-9733
Cell: 713-252-0577
SDTX No.: 3897860